without jurisdiction to render the original judgment and sentence appealed from.    See Ex parte Johnson, 13 Okla. Cr. 30, 161 Pac. 1097.

It follows that the appeal should be, and the same is hereby, dismissed.

### In re W. A. STRINGER.

#### No. A-3057.   Opinion Filed October 17, 1917.

#### (167 Pac. 1182.)

·Application for habeas corpus by W. A. Stringer to be let to bail. Bail allowed.

Wimbish & Duncan, ,for petitioner.

S. P. Freeling,, Atty. Gen., R. McMillan, Asst. Atty. .Gen., and Arden L. Bulloock, Co. Atty., for respondent.

PER CURIAM.   A petition filed on behalf of W. A. Stringer alleges in substance that he is illegally restrained of his liberty and imprisoned by Bob Duncan, sheriff of Pontotoc county; that he is held in custody by virtue of a certain commitment issued by H. J. Brown, a justice of the peace of Ada, in and for Pontotoc county, upon a preliminary examination held upon a complaint wherein the petitioner and Luella Jones were jointly charged with the murder of Enoch Jones. It further appears that Hon. J. W. Bolen, district judge, upon an application for a writ of habeas corpus, admitted petitioner's codefendant to bail, but denied bail to this petitioner. It is further averred that the proof is not evident nor is the presumption great that he is guilty of said crime.   Attached to the petition are numerous affidavits, and a transcript of the testimony taken upon the preliminary examination and upon the hearing before said district judge.   Upon a careful consideration of the facts and circumstances in evidence, it is the conclusion of the court that bail should be allowed in the sum of $20,000; bond to be conditioned as by law required and to be approved by the court clerk of Pontotoc county.

### JIM ROGERS v. McKEOWN, District Judge.

#### No. A-2409.   Opinion Filed October 17, 1917.

#### (167 Pac. 1182.)

Mandamus by Jim Rogers against Tom D. McKeown, District Judge.   Demurrer to petition sustained and cause dismissed.

B. C. King and J. W. Bolen, for petitioner.

PER CURIAM.   Demurrer to petition sustained, and cause dismissed.